UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANAMARIA PENALOZA,

    Plaintiff,

v.                        Case No.  8:11-cv-2656-T-33AEP

TARGET CORPORATION,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court <u>sua</u> <u>sponte</u>.  On January 3, 2012, Defendant filed its Second Motion to Dismiss ADA Claim With Prejudice. (Doc. # 11).  After Plaintiff failed to file a response in opposition to the Motion within the time parameters provided by the Local Rules, this Court entered an Order directing Plaintiff to file a response to the Motion by February 7, 2012, or the Motion would be considered unopposed. (Doc. # 12). On February 2, 2012, Plaintiff filed a response to Defendant's Second Motion to Dismiss, in which Plaintiff asserts that she was never served a copy of the Motion by Defendant. (Doc. # 13).  Defendant filed a response thereto on February 3, 2012,  asserting that it had timely served a copy of the Motion on Plaintiff and certifying that it had mailed a second copy to Plaintiff via overnight delivery. (Doc. # 14).

**Discussion**

Notwithstanding the assertions and evidence to the contrary in Defendant's response, the Court will assume for the purposes of this Order that Plaintiff did not receive a copy of the Motion until Defendant mailed a second copy via overnight mail on February 2, 2012. Accordingly, in the interests of fairness, the Court will allow Plaintiff additional time, up to and including February 22, 2012, to file her response to the Motion. Absent a timely response by Plaintiff, however, this Court will be inclined to grant the Defendant's motion as unopposed.

As Plaintiff is appearing *pro se*, the Court will take this opportunity to advise Plaintiff of some of the important responsibilities and obligations that she bears as a *pro se* party, including some requirements of the Local Rules of this Court ("Local Rules") and the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

**I. Plaintiff's Obligation to Notify the Court of Any Change in Her Mailing Address**

If Plaintiff should change her address at any time during the course of this litigation, she shall immediately advise the Court of that change by filing a "Notice of Change of Address," which shall set forth her new mailing address and

all other applicable information required by Local Rule 1.05(d) (i.e., name; mailing address; city, state, & zip code; phone number; facsimile number, if available) as well as the effective date of that change in address.  If Plaintiff does not inform the Court of any such address changes, then the Court will not be able to update its records and Plaintiff will not receive her copies of any Orders, Notices, or other documents entered by the Court.  Plaintiff is warned that failure to inform the Court of an address change will be deemed to be a failure to prosecute this case and may result in the dismissal of this case.

If Plaintiff is having difficulty receiving mail and desires to receive copies of the Court's orders via email, Plaintiff may make a motion to the Court to allow access to the Court's CM/ECF system.  This, however, entails not only receiving electronic notice but requires that all filings made by Plaintiff be done so electronically via CM/ECF.  Accordingly, if Plaintiff would like to utilize the Court's CM/ECF system, she needs only make a motion to the Court.

**II. General Requirements of Motions, Pleadings, Notices, Etc. Filed with the Court**

All documents filed with the Court must be in the form of a pleading, see Fed. R. Civ. P. 7(a), or of a motion, see Fed.

R. Civ. P. 7(b), or, in limited cases such as the address notices discussed above, in some other form. Each pleading, motion, notice, or other paper shall be presented in a separate document.

Plaintiff shall not correspond with the Court or any Judge or Magistrate Judge of the Court in letter form. In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the Judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office in accordance with the governing rules of procedure. Any correspondence received will not be responded to, will be stricken from the case file, and will be returned to Plaintiff.

All documents filed with the Court must include a caption; a brief title which describes the contents of the document; Plaintiff's name and signature; and a Certificate of Service. These last two items are explained further below.

All pleadings, motion, or other papers filed with the Court by Plaintiff must bear an original signature, or they will be rejected by the Court. Among other things, such signature serves as Plaintiff's certification, pursuant to Fed. R. Civ. P. 11(b), that said document is not submitted for

4

any improper purpose, that the claims and defenses presented therein are warranted by existing law, and that there exists reasonable factual support for allegations or assertions made therein.  Plaintiff is advised to review and become familiar with Fed. R. Civ. P. 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines.

All pleadings, motion, or other papers filed with the Court by Plaintiff must also include a signed Certificate of Service.  Such is Plaintiff's certification that she has complied with the requirements of Fed. R. Civ. P. 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court.  At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

**III. All Requests for Relief from or Action by the Court Must be in the Form of a Motion**

If Plaintiff seeks any relief from or action by the Court, or seeks the entry of an order of any kind, Plaintiff must file a proper motion requesting such, which motion must

5

meet the requirements of all applicable rules, including the Local Rules and the Federal Rules. Among other things, all motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested, all of which Plaintiff shall include in a single document not more than twenty-five pages (25) in length. See Local Rule 3.01(a). Plaintiff shall not file any further memorandum directed to the motion, nor a reply to any response filed by Defendant, unless Plaintiff requests and the Court grants leave to do so. See Local Rule 3.01(c).

Further, Plaintiff is advised that prior to filing most motions, Local Rule 3.01(g) requires her to confer with her opposing counsel and to file with the motion a statement (1) certifying that Plaintiff has conferred with opposing counsel and (2) stating whether the parties agree on the resolution of the motion. See Local Rule 3.01(g).

The Court would note that Local Rule 3.01 sets forth several other important requirements for and rules governing motions filed with the Court, and that failure to comply with this, or any other, rule can form the basis for denial of a motion.

### IV. Plaintiff's Obligations Regarding Motions Filed by Other Parties in this Case

Plaintiff is generally advised that she must timely and properly respond to all motions filed by other parties in this case, for if she does not timely respond to such a motion, the Court will assume that Plaintiff does not oppose that motion and any relief requested therein. Important motions that Plaintiff must promptly and properly respond to include, but are not limited to, Motions to Dismiss under Fed. R. Civ. P. 12(b) and Motions for Summary Judgment under Fed. R. Civ. P. 56. Plaintiff is advised that, unless the Court directs otherwise, Local Rule 3.01(b) requires that any brief or legal memorandum in opposition to a motion must be filed within fourteen (14) days after Plaintiff is served with that motion, and shall not exceed twenty (20) pages.

### V. Other Obligations of Plaintiff Following Service of Process

Plaintiff is also reminded of the requirements of Local Rule 3.05, pursuant to which she must meet with her opponent or its attorney and conduct a Case Management Conference within sixty (60) days after the first appearance of the Defendant, which occurred on December 14, 2011. The purpose of the Case Management Conference is to prepare a Case Management Report, which must be filed within fourteen (14)

days after the meeting. Failure to file a Case Management Report will subject the case to dismissal for failure to prosecute.

**VI. The Obligations Set Forth in this Order are Not Plaintiff's Only Obligations**

Lastly, Plaintiff is reminded that although she is proceeding *pro se*, she is not relieved of any obligations that would otherwise rest upon an attorney. There are still many requirements with which Plaintiff must comply, including those imposed by the Federal Rules of Civil Procedure and the Local Rules of this District. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Plaintiff is warned that the failure to comply with these requirements and obligations can have significant consequences. For example, submission of a motion which does not meet the applicable requirements can result in denial of that motion; failure to timely conduct a Case Management Conference and submit a Case Management Report can result in dismissal of this case for lack of prosecution.

While the Court has set forth some obligations and requirements in this Order, this Order does not set forth all of those requirements and should not be relied upon as limiting Plaintiff's duties and obligations in litigating this case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

In the instance that Plaintiff opposes Defendant's Second Motion to Dismiss, Plaintiff is directed to file a response in opposition to the motion on or before February 22, 2012, in compliance with the Local Rules and Federal Rules of Civil Procedure, as discussed herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of February, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record

Anamaria Penaloza
703 Providence Trace Circle, Apt. 304
Brandon, Florida 33511-7048