UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANAMARIA PENALOZA,

    Plaintiff,

v.                    CASE NO. 8:11-cv-2656-T-33-AEP

TARGET CORPORATION,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Target Corporation's Second Motion to Dismiss ADA Claim with Prejudice (Doc. # 11), filed on January 3, 2012. Plaintiff filed a memorandum in opposition to the Motion on February 12, 2012. (Doc. # 18). After due consideration and for the reasons stated herein, Defendant's Second Motion to Dismiss ADA Claim with Prejudice is granted.

**I. Background**

Pro se Plaintiff Anamaria Penaloza worked full time for Defendant Target Corporation from August 14, 2008, to September 21, 2010, as a Merchandising Brand Team Member. (Doc. # 9). On January 24, 2010, Plaintiff notified Defendant that she was pregnant. (Id.). On June 11, 2010, Plaintiff was notified that she would not be permitted any

more absences, whether excused or not, and that her job would be terminated should she miss any more work. (Id.). Following, Plaintiff applied to the Target Leave and Disability Team for a medical leave of absence from June 14, 2010, to July 14, 2010. (Id.). Defendant denied her request for a medical leave and informed her that any future absences would be considered unexcused and subject to normal Target policy. (Id.). On June 15, 2010, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, alleging pregnancy and sex discrimination in violation of Title VII. (Doc. # 9-5). Defendant terminated Plaintiff's employment on September 21, 2010. (Doc. # 9).  The EEOC issued a "Notice of Right to Sue" on September 2, 2011. (Id.).

On November 30, 2010, Plaintiff initiated this action by filing a complaint, alleging: (1) pregnancy discrimination in violation of Title VII, the Pregnancy in Discrimination Act, and the Florida Civil Rights Act; (2) violation of the Family Medical Leave Act; and (3) disability discrimination under the Americans with

Disabilities Act. (Doc. # 1).[1] Defendant now moves to dismiss Plaintiff's disability discrimination claim pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

## II. Legal Standard

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994)(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a

---

[1] Plaintiff's original complaint was stricken because it was signed by a non-attorney representative. (Doc. # 8). Plaintiff re-filed an identical complaint without the inappropriate non-attorney signature on December 28, 2011. (Doc. # 9).

motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The Court notes that the Motion to Dismiss has not been converted into a motion for summary judgment because the Court has not considered matters outside the pleadings.[2] When a document outside the pleadings is considered, Federal Rule of Civil Procedure 12(c) requires that "the

---

[2] When a document outside the pleadings is considered, Federal Rule of Civil Procedure 12(c) requires that "the motion be treated as a motion for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent by such a motion."

-4-

motion be treated as a motion for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent by such a motion." "Rule 7(a) defines 'pleadings' to include both the complaint and the answer, and Rule 10(c) provides that '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'" Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (quoting Fed. R. Civ. P. 7(a) and 10(c)). Thus, the Court may consider the various exhibits attached to the complaint without converting the Motion to Dismiss into one for summary judgment.

### III. Analysis

Defendant first argues that Plaintiff's disability discrimination claim should be dismissed based on Plaintiff's failure to exhaust administrative remedies as to the alleged disability. Defendant argues that Plaintiff's "complaint is limited by the scope of the EEOC investigation which did not include disability discrimination." (Doc. # 11 at 2).

The Eleventh Circuit has recognized that a plaintiff's judicial complaint is limited by the scope of the EEOC

-5-

investigation "which can reasonably be expected to grow out of the charge of discrimination." Mulhall v. Advance Sec., Inc., 19 F.3d 586, 589 n.8 (11th Cir. 1994)(citations omitted); see also Gregory v. Ga. Dep't of Human Resources, 355 F.3d 1277 (11th Cir. 2004)(affirming the district court's decision to allow plaintiff's national origin claim to proceed because the facts as alleged in the Charge would have lead the EEOC to investigate a national origin discrimination claim).

This Court considered similar circumstances in Williams v. H. Lee Moffitt Cancer Ctr. & Research Inst., and ultimately dismissed the plaintiff's gender, color and religious discrimination claims because the plaintiff failed to raise those claims in his Charge. This Court reasoned as follows:

> Mr. Williams' claims of intentional gender, color and religious discrimination, presumably under Title VII and the Florida Civil Rights Act, are barred because Mr. Williams failed to exhaust his administrative remedies on these claims....
>
> It is undisputed that Mr. Williams did not assert these claims in his March 25, 2007, Charge of Discrimination. A plaintiff's complaint is limited by the scope of the Equal Employment Opportunity Commission investigation that reasonably can be expected to grow out of the charge of discrimination, and the court should

-6-

> dismiss a lawsuit to the extent it exceeds the scope of the allegations in the charge.
>
> Here, Mr. Williams cannot complain to the Equal Employment Opportunity Commission of certain instances of discrimination (race, national origin, age discrimination and retaliation) and now seek judicial relief for different instances of discrimination (gender, color and religion). Therefore, his gender, color and religious discrimination claims are dismissed as a matter of law.

No. 8:09-cv-784-T-33TGW, 2010 WL 5058513, at *12 (M.D. Fla. Dec. 6, 2010)(citations omitted); see also Gruenthal v. Carlson Rest. Worldwide, Inc., No. 2:10-cv-421-FtM-29SPC, 2010 WL 5317337, at *3 (M.D. Fla. Dec. 21, 2010)(dismissing retaliation claim because only age discrimination claim was raised in the Charge).

Here, Plaintiff's Charge of Discrimination indicates only that the discrimination was based on "sex." (Doc. # 9-5). Further, Plaintiff's statement of the discrimination in the Charge provides as follows: "I believe that I am being discriminated against on the basis of my sex; female; pregnancy related, in violation of Title VII of the Civil Rights Act of 1964, as amended." (Id.). Thus, it cannot be disputed that Plaintiff's Charge of Discrimination failed to expressly include a disability discrimination claim.

-7-

Furthermore, a disability claim could not "reasonably be expected to grow out of the charge of discrimination," Mulhall, 19 F.3d at 589 n.8, because pregnancy is not generally considered a disability under the ADA. Juedy v. Holder, No. 10-22873-CIV, 2011 WL 5361076, at *4 (S.D. Fla. Nov. 7, 2011)(granting summary judgment upon finding that plaintiff's pregnancy did not constitute a disability under the ADA); Larson v. Carnival Corp., Inc., 242 F. Supp. 2d 1333, 1346 (S.D. Fla. Jan. 24, 2003) ("Pregnancy, of course, is not a disability under the ADA."); Farrell v. Time Serv. Inc., 178 F. Supp. 2d 1295, 1298 (N.D. Ga. 2001)(stating "it is clearly established that pregnancy per se does not constitute a disability under federal law"); Bryson v. Mau Inc., No. 8:09-321-HMH-BHH, 2010 WL 1542506, at *3 (D.S.C. Mar. 25, 2010)("With near unanimity, federal courts have held that a pregnancy is not a 'disability' under the ADA, absent some atypical complication.") (citations omitted).

Additionally compelling, this court has reasoned that labeling pregnancy itself as a "disability" under the ADA would be redundant to the purposes of Title VII, as amended by the Pregnancy Discrimination Act:

> [T]he court is unconvinced by [plaintiff's] argument that holding pregnancy to be outside the realm of covered disabilities under the ADA would frustrate its legislative purpose. Congress amended Title VII of the Civil Rights Act of 1964 by enacting the Pregnancy Discrimination Act of 1978, thereby explicitly including pregnancy and related conditions as illegal grounds for adverse employment action. The ADA was not enacted until 1990. Hence, Congress enacted the ADA knowing full well that it had already created protection from employment discrimination based upon pregnancy. Thus, nothing but redundancy would be gained by holding that discrimination in employment because of pregnancy or related conditions was actionable under the ADA as well.

Walsh v. Food Supply, Inc., No. 96-677-CIV-ORL-18, 1997 WL 401594, at *2 (M.D. Fla. Mar. 19, 1997).

Accordingly, as Plaintiff failed to include a disability discrimination claim in her Charge of Discrimination, and moreover, as a disability discrimination claim could not reasonably be expected to grow out of the Charge of Discrimination given that pregnancy does not generally constitute a "disability" under the ADA, Plaintiff may not now seek judicial relief for disability discrimination based on her pregnancy. Thus, the Court dismisses Plaintiff's ADA claim with prejudice.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Second Motion to Dismiss ADA Claim with Prejudice (Doc. # 11) is **GRANTED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of July, 2012.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record